IN THE UNITED STATES BANKRUPTCY COURT
FOR THE Texas - Southern - Houston

| | |
|---|---|
| In re:<br><br>Mary Beth Avera,<br><br>    Plaintiff(s).<br><br>―――――――――――<br><br>Mary Beth Avera,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF EDUCATION,<br><br>    Defendant(s). | Case No. 24-33525<br>Chapter 7<br><br><br><br><br><br><br>Adv. Pro. No. |

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF STUDENT LOANS**

Plaintiff, Mary Beth Avera, by and through her undersigned attorney, brings the following complaint and alleges as follows:

### I. NATURE OF CASE

1. This is an action to declare the Plaintiff's student loan debt to Defendant(s), the United States Department of Education ("US DOE"), dischargeable as an undue hardship under 11 U.S.C. § 523(a)(8).

### II. JURISDICTION AND VENUE

2. On 07/31/2024, Plaintiff filed a voluntary 7 bankruptcy proceeding, Case Number 24-33525.

3. The Court has jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157. This is an action to determine the dischargeability of a debt under 11 U.S.C. § 523(a)(8), and as such, this is a core proceeding under 28 U.S.C. §157(b)(2)(I). The Plaintiff consents to the Bankruptcy Court's entry of a final order.

4. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1409(a).

5. This is an adversary proceeding as defined by Fed. R. Bankr. P. 7001(6).

### III. PARTIES

6. Plaintiff is a resident at 1453 Chapparal Rd, Montgomery, Texas.

7. Defendant is a qualifying governmental institution in the business of making, insuring, and guaranteeing student loans. Defendant's mailing address is United States Department of Education, 400 Maryland Ave., SW, Washington, DC 20202.

## IV. STATEMENT OF FACTS

8. Prior to filing bankruptcy, in the course of Plaintiff's education, Plaintiff borrowed approximately 19,482.00 from Defendant(s) in order to finance Plaintiff's education. The current outstanding balance of the student loan(s) is $19,482.00. A list of the loans with current balances is attached as Exhibit #1.

9. Plaintiff incurred the student loan(s) while attending University of Phoenix where Plaintiff was pursuing a Associates degree. No payments were due on these loans while Plaintiff was a full-time student.

10. Plaintiff completed his/her course of study and received a degree in 8/2011.

11. Under the terms of the loans, Plaintiff was required to begin payments six months after enrollment in the school ended.

12. Under the U.S. Department of Education's Standard Repayment Plan, Plaintiff would be required to maintain monthly payments of $215.19 for ten years in order to pay off the balance of the student loans.

13. Since repayment on the student loans began, the debtor has:
   a. Made approximately 0 payments on the loans, totaling approximately $0
   b. Received 11 cumulative forbearances & deferments totaling 957.1 months
   c. Applied for Income-Driven Repayment Plan

14. Plaintiff is not currently employed.

15. Plaintiff's current monthly household income is $2,851.34. Plaintiff's current monthly household expenses, including payroll deductions, are $3,499.00.

## V. DETERMINATION OF DISCHARGEABILITY

16. Under Section 523(a)(8) of the Bankruptcy Code, certain student loans may not be discharged in bankruptcy unless the bankruptcy court determines that payment of the loan "would impose an undue hardship on the debtor and the debtor's dependents." 11 U.S.C. § 523(a)(8).

17. The most common framework for assessing undue hardship is the so-called Brunner test. Brunner v. New York State Higher Education Services Corp., 831 F.2d 395 (2d Cir. 1987). To discharge a student loan under the Brunner test, a bankruptcy court must find that the debtor has established that (1) the debtor cannot presently maintain a minimal standard of living if required to repay the student loan, (2) circumstances exist that indicate the debtor's financial

situation is likely to persist into the future for a significant portion of the loan repayment period, and (3) the debtor has made good faith efforts in the past to repay the student loan. Id. at 396.

18. Plaintiff is unable to make payments on his/her student loans. After deducting Plaintiff's reasonable and necessary expenses from his/her income, Plaintiff's discretionary income is insufficient to make student loan payments as required under the loan agreement.

19. Plaintiff's current state of affairs is likely to persist, and his/her financial circumstances are unlikely to materially improve, for a significant portion of the debt repayment period.

20. Plaintiff has made good faith efforts to repay the student loans at issue in this proceeding.

21. Borrower has a permanent disability, and her condition continues to worsen.

22. Borrower is divorced, lost her home and has moved in with her mother along with her 2 minor twin children.

23. Based upon the foregoing facts and circumstances, Plaintiff cannot maintain a minimal standard of living if forced to repay the student loans.

WHEREFORE, Plaintiff respectfully requests this Court to enter an order finding that excepting his/her student loans from discharge would impose an undue hardship as provided in 11 USC §523(a)(8), declaring the student loans to be included in Plaintiff's discharge under §727(a)/1328(a), and for any other relief as the Court deems just and proper.

Respectfully Submitted,

By: /s/ Alan Borden
Alan Borden
Resolve Law Group
801 Travis St., Suite 2101, Houston, TX 77002
(713) 234-0171
alan@resolvelawgroup.com

# Exhibit #1

## List of loans with current balances

| Loan Type (Loan Holder/Servicer) | Principal Balance | Accrued Interest | Status |
|---|---|---|---|
| DIRECT STAFFORD SUBSIDIZED(DEPT OF ED/NELNET) | $ 1,989.00 | $ 138.00 | BANKRUPTCY CLAIM, ACTIVE |
| DIRECT STAFFORD SUBSIDIZED(DEPT OF ED/NELNET) | $ 465.00 | $ 32.00 | BANKRUPTCY CLAIM, ACTIVE |
| DIRECT STAFFORD UNSUBSIDIZED(DEPT OF ED/NELNET) | $ 4,674.00 | $ 450.00 | BANKRUPTCY CLAIM, ACTIVE |
| DIRECT STAFFORD SUBSIDIZED(DEPT OF ED/NELNET) | $ 5,011.00 | $ 429.00 | BANKRUPTCY CLAIM, ACTIVE |
| FFEL STAFFORD SUBSIDIZED(DEPT OF ED/NELNET) | $ 2,784.00 | $ 325.00 | BANKRUPTCY CLAIM, ACTIVE |
| FFEL STAFFORD SUBSIDIZED(DEPT OF ED/NELNET) | $ 1,113.00 | $ 130.00 | BANKRUPTCY CLAIM, ACTIVE |
| FFEL STAFFORD UNSUBSIDIZED(DEPT OF ED/NELNET) | $ 1,712.00 | $ 230.00 | BANKRUPTCY CLAIM, ACTIVE |